UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| MASSACHUSETTS MUTUAL LIFE,<br>Plaintiff | )<br>)<br>) | CIVIL ACTION NO. 12-19-KKC |
| v. | )<br>) | |
| MARVIN NEIL WATSON,<br>Defendant | )<br>)<br>)<br>) | |
| MARVIN NEIL WATSON,<br>Plaintiff | )<br>)<br>) | CIVIL ACTION NO. 12-151-JBC |
| v. | )<br>)<br>) | |
| MASSACHUSETTS MUTUAL LIFE<br>INSURANCE COMPANY and<br>RONNIE JAMES BAXTER,<br>Defendants | )<br>)<br>)<br>) | **MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*\*\*

This matter is before the Court on the Motion to Remand and for Attorney Fees Pursuant to 28 U.SC. § 1447(c) filed by Marvin Neil Watson. (DE 11). This case arises from an insurance policy dispute between Watson and Massachusetts Mutual Life Insurance Company ("Mass Mutual"). Because Watson has fraudulently joined a non-diverse insurance agent to this action, his Motion will be denied.

**I. BACKGROUND**

Mass Mutual issued to Watson a policy of disability income insurance on August 25, 2010. (DE 1-1, Watson Complaint at ¶ 12). Ronnie James Baxter, an insurance agent, had provided Watson with the application for this policy. (*Id.* at ¶¶ 8-10). On or about April 27, 2011, Watson submitted a claim for benefits under the policy. (*Id.* at ¶

21).   After reviewing Watson's medical records, Mass Mutual discovered what it considered to be material misrepresentations in Watson's application, namely Watson's failure to disclose treatment for migraine and back issues in the past, and rescinded his policy.  (*Id*. at ¶¶ 23-25).  On January 11, 2012, Mass Mutual informed Watson of this decision and tendered to him a check representing a refund of premiums paid, including interest.  Watson has not submitted the check for payment.

Mass Mutual then filed an action in federal court asking the Court to declare the parties' rights in relation to the insurance policy in light of the misstatements.  *See* Case No. 5:12-cv-19-KKC.  After Mass Mutual filed its federal declaratory action, Watson filed this action in Fayette Circuit Court.  In his state court Complaint (DE 1-1), Watson seeks a declaratory judgment that he is entitled to insurance coverage under his policy with Mass Mutual.  Watson also asserts claims against Mass Mutual for common-law and statutory bad-faith and for the violation of Kentucky's Consumer Protection Act.  Watson also asserts two claims against Baxter, the insurance agent, for negligence and for the violation of Kentucky's Consumer Protection Act.

Mass Mutual removed the action this Court, and Watson followed with a motion to remand the matter back to Fayette Circuit Court.  Since then, Mass Mutual's first-filed action and this removed action were consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure (DE 10).  However, "while a consolidation order may result in a single unit of litigation, such an order does not create a single case for jurisdiction purposes."  *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999); *see also Stacey v. Charles J. Rogers, Inc.*, 756 F.2d 440, 442 (6th Cir. 1985).  "Thus, when determining whether diversity of citizenship exists, the

claims must be addressed separately." *Webb v. Just In Time, Inc.*, 769 F. Supp. 993, 996 (E.D. Mich. 1991).

## II. ANALYSIS

The federal removal statute, 28 U.S.C. § 1441, grants defendants in civil suits the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). This Court has original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed. *Jerome-Duncan*, 176 F.3d at 907. The parties do not dispute that the amount in controversy exceeds $75,000.

Though Watson and Baxter are both Kentucky citizens, Mass Mutual, a Massachusetts corporation, argues that this Court has subject matter jurisdiction over this action because the non-diverse Baxter is fraudulently joined. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). The burden is on Mass Mutual to show fraudulent joinder, and as with any dispute over removal, all doubts are to be resolved against removal. See *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994).

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The Sixth Circuit has held that "if there is a colorable basis for predicting that a plaintiff may recover against a non-diverse defendant, th[e] Court must remand the action to state court." *Id.* The test is not whether the defendant was added to defeat removal but "whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (citation and quotations omitted). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id.*

In his Complaint, Watson asserts two claims against Defendant Baxter, one for negligence and one for the violation of Kentucky's Consumer Protection Act. Neither is a viable state law cause of action against Baxter.

Watson's negligence claim fails because Baxter does not owe Watson a duty to ensure the application is completed accurately. As an insurance agent, Baxter's principal obligation is to Mass Mutual "to deal in good faith and to carry out [Mass Mutual's] instructions." *Mullins v. Commonwealth Life Ins. Co.,* 839 S.W.2d 245, 248 (Ky. 1992). In *Nelson v. Clark*, this Court held that plaintiffs fraudulently joined an insurance agent because plaintiffs could not establish a negligence claim against the agent. Civ No. 7:11-82, 2011 WL 4900028, at *3 (E.D. Ky. Oct. 14, 2011). In *Nelson,* plaintiffs argued that their insurance agent had a duty to prohibit them from making misrepresentations on an insurance application. This Court could "not find any reasonable basis for predicting that a Kentucky court would hold an insurance agent liable to the insured for negligence

4

where the insured himself places false answers on an insurance application and the agent fails to stop him from doing so." *Id.* In fact, Kentucky courts hold that "if the applicant knows that false answers are being placed on the application he will be responsible for them." *Ketron v. Lincoln Income Life Ins. Co.,* 523 S.W.2d 228, 229 (Ky. 1975).

Moreover, Watson has not alleged facts suggesting that Baxter assumed any duty to advise him. Kentucky courts have recognized that an insurance agent may assume a duty to advise the insured, but the insured must show that (1) he gave the agent consideration beyond mere payment of the premium; (2) he had a course of dealing over an extended period of time that would put an objectively reasonable agent on notice that his advice is being sought and relied on; or (3) he explicitly requested advice from the agent. *Nationwide Mut. Fire Ins. Co. v. Nelson*, Civ. No. 11-32-ART, 2011 WL 6726917, at *2 (E.D. Ky. Dec. 21, 2011)(citing *Mullins*, 839 S.W.2d at 248). In this case, Watson only has alleged that he was referred to Baxter by his real estate agent and that Baxter "marketed" the policy to him, assisted him in filling out the application by asking general questions about his health, and later brought the completed forms to his workplace for signing. (DE 1-1 at ¶¶ 6-10). These are not sufficient facts to suggest Baxter assumed a duty to Watson.

Because Watson cannot establish that Baxter owes him a duty, he cannot make out a claim for negligence. *See Mullins*, 839 S.W.2d at 247 (listing the elements of a negligence claim as "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury").

Watson also cannot assert a claim against Baxter under Kentucky's Consumer Protection Act, KRS 367.170 ("KCPA"). A valid claim under the KCPA requires privity

5

of contract between the parties. *Anderson v. Nat'l Sec. Fire & Cas. Co.*, 870 S.W.2d 432, 436 (Ky. Ct. App. 1993). In *Wolfe v. State Farm Fire & Casualty Co.*, a court for the Western District of Kentucky held that an insurance adjuster was fraudulently joined because there was no privity of contract between the adjuster and the plaintiff, and thus no viable claim under KCPA. Civ. No. 3:10-CV-545-H, 2010 WL 4930680, at *3 (W.D. Ky. Nov. 30, 2010). Similarly, there is no privity in this case: Watson entered into a contract with Mass Mutual, not Baxter. As a result, Watson cannot maintain a claim against Baxter under the KCPA.

### III. CONCLUSION

For all the above reasons, IT IS HEREBY ORDERED that:

(1) Marvin Neil Watson's motion to remand and for attorneys' fees (DE 11) is DENIED; and

(2) Marvin Neil Watson SHALL respond on or before November 1, 2012, to the motion (DE 13) filed by Massachusetts Mutual Life Insurance Company.

Dated this 16th day of October, 2012.



Signed By:
*Karen K. Caldwell*
United States District Judge