UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE, )<br>    Plaintiff                              )<br>                                        )<br>v.                                          )<br>                                        )<br>MARVIN WATSON,                    )<br>    Defendant                            )<br><br>MARVIN WATSON,                    )<br>    Plaintiff                              )<br>                                        )<br>v.                                          )<br>                                        )<br>MASSACHUSETTS MUTUAL LIFE  )<br>INSURANCE COMPANY and        )<br>RONNIE JAMES BAXTER,           )<br>    Defendants                           ) | CIVIL ACTION NO. 12-19-KKC<br><br><br><br><br><br><br><br>CIVIL ACTION NO. 12-151-KKC<br><br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*\*\*

This matter is before the Court on Marvin Watson's Motion to Reconsider the Court's October 16, 2012 Memorandum Opinion and Order. (DE 20.)  In that Order (DE 14), the Court denied Watson's Motion to Remand.  For the reasons set forth below, and for the reasons set forth in the Court's previous Order, the Court will deny Watson's Motion to Reconsider.

Motions to reconsider are evaluated under the same standard as a motion to alter or amend a judgment under Rule 59(e).  *Howard v. Magoffin Co. Bd. of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2012) (citing *Keith v. Bobby*, 618 F.3d 594, 597-98 (6th Cir. 2010)). To succeed, Watson must show one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

Watson has presented no grounds for vacating the Court's Order, and so his Motion must be denied. To begin, Watson admits that the Court's denial of remand was the "likely the correct result," because he recently learned Defendant Ronnie James Baxter is residing in Texas. (DE 20-1 at 1-2.) The Court denied remand because Watson fraudulently joined Baxter, an insurance agent. The "newly discovered evidence" of Baxter's Texas residence serves only to support the denial of remand. As Watson concedes, Baxter's Texas residence means it was "fairly likely that there was complete diversity of citizenship when the complaint was filed." (*Id.* at 2.)

Watson's second argument is also unavailing. Watson asserts that he did not review the insurance application before he signed it, and so he was unaware of the answers it contained. In support, Watson submits an affidavit. (DE 20-2.) This is not newly discovered evidence, which "must have been previously unavailable." *GenCorp, Inc. v. Am. Int'l. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). This evidence also provides no clear basis for undoing the Court's Order, because Watson does not explain how it would change the Court's analysis of his claims against Baxter for negligence and for violating Kentucky's Consumer Protection Act. Regardless, "a motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier." *Somerville v. Dewalt*, No. 5:09-68-KKC, 2009 U.S. Dist. LEXIS 37454, *6 (E.D. Ky. May 1, 2009).

Accordingly, IT IS HEREBY ORDERED that Watson's Motion to Reconsider (DE 20) is DENIED.

This 15th day of January, 2013.



Signed By:
*Karen K. Caldwell* KKC
United States District Judge