UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| MASSACHUSETTS MUTUAL LIFE, | ) | |
|     Plaintiff | ) | CIVIL ACTION NO. 12-19-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| MARVIN WATSON, | ) | |
|     Defendant | ) | |

\*\*\*\*\*\*

| | | |
|---|---|---|
| MARVIN WATSON, | ) | |
|     Plaintiff | ) | CIVIL ACTION NO. 12-151-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS MUTUAL LIFE | ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY and | ) | **AND ORDER** |
| RONNIE JAMES BAXTER, | ) | |
|     Defendants | ) | |

\*\*\*\*\*\*

This matter is before the Court on Ronnie James Baxter's Motion for Judgment on the Pleadings. (DE 28). This case arises from an insurance policy dispute between Marvin Watson and Massachusetts Mutual Life Insurance Company ("Mass Mutual"). Baxter was the insurance agent who handled Watson's application for the insurance policy in question. For the reasons stated below, Baxter's Motion will be granted.

**I. Background**

In early 2010, Watson was referred to Baxter by his real estate agent. (Case No. 12-cv-151, DE 1-1, Watson Complaint at ¶ 12). Baxter "marketed" to Watson a disability insurance policy issued by Mass Mutual. (*Id.* at ¶ 8). Baxter provided Watson with the application for this policy. (*Id.* at ¶¶ 8-10). Baxter asked Watson questions about his medical history and then came to Watson's workplace with a completed application for Watson's signature. (*Id.* at ¶¶ 9-

10). Mass Mutual issued to Watson a policy of disability income insurance on August 25, 2010. (*Id.* at ¶ 12). Watson then canceled his other existing disability insurance policies. (Id. at ¶ 18). After Watson submitted a claim for benefits under this policy in April of 2011, Mass Mutual reviewed his medical records and found what it considered to be material misrepresentations in Watson's application, specifically Watson's failure to disclose treatment for migraine and back issues in the past, and rescinded his policy. (*Id*. at ¶¶ 23-25). On January 11, 2012, Mass Mutual informed Watson of this decision and tendered to him a check representing a refund of premiums paid, including interest. Watson has not submitted the check for payment.

This litigation followed, with Mass Mutual seeking a declaratory judgment in this Court and Watson filing claims against Mass Mutual and Baxter in Fayette Circuit Court. The state court action has since been removed to this Court and consolidated with Mass Mutual's action. Previously, this Court denied remand after concluding that Baxter had been fraudulently joined. (DE 14). Watson later sought reconsideration of that ruling but conceded that, regardless, diversity likely exists given Baxter's Texas residence. (DE 20). Relevant here are Watson's two claims against Baxter: (1) for violations of the Kentucky Consumer Protection Act, K.R.S. 367.110 *et seq.* ("KCPA") and (2) for negligence. Baxter now seeks judgment on the pleadings in his favor as to these claims against him.

**II. Analysis**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). When evaluating a motion for judgment on the pleadings, the court "construes the complaint in a light most favorable to the plaintiff, accepts all factual allegations as true, and determines whether the complaint states a

plausible claim for relief." *Id.* The complaint must contain "either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). In addition, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Tucker v. Middleburg–Legacy Place,* 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 582 (6th Cir. 2007)).

Baxter requests that the Court dismiss the claims for violations of the KCPA and for negligence. Watson has failed to oppose, or even address, Baxter's arguments for the dismissal of the KCPA claim, and so Watson has abandoned that claim. *See, e.g. Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008); *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). Even if that claim is considered, it fails because there is no privity of contract between Baxter and Watson, a necessary element of a claim under the KCPA. *See Wolfe v. State Farm Fire & Casualty Co.*, 2010 U.S. Dist. LEXIS 126215, at *8 (W.D. Ky. Nov. 29, 2010) (citing *Anderson v. Nat'l Sec. Fire & Cas. Co.*, 870 S.W.2d 432, 436 (Ky. Ct. App. 1993)).

Watson's claim against Baxter for negligence also fails as a matter of law because Watson has failed to allege facts that, even taken as true, could establish Baxter owed him a duty

3

under Kentucky law. Ordinarily, an insurance agent's principal obligation is to the insurer "to deal in good faith and to carry out the principal's instructions." *Mullins v. Commonwealth Life Ins. Co.,* 839 S.W.2d 245, 248 (Ky. 1992). As Watson correctly notes, Kentucky courts have recognized that an insurance agent may assume a duty to advise the insured. The insured, however, must show that (1) he gave the agent consideration beyond mere payment of the premium; (2) he had a course of dealing over an extended period of time that would put an objectively reasonable agent on notice that his advice is being sought and relied on; or (3) he explicitly requested advice from the agent. *Nationwide Mut. Fire Ins. Co. v. Nelson*, No. 11-32-ART, 2011 WL 6726917, at *2 (E.D. Ky. Dec. 21, 2011) (citing *Mullins*, 839 S.W.2d at 248).

In this case, Watson only has alleged that he was referred to Baxter by his real estate agent and that Baxter "marketed" the policy to him, assisted him in filling out the application by asking general questions about his health, and later brought the completed forms to his workplace for signing. (Case No. 12-cv-151, DE 1-1, Watson Complaint at ¶¶ 6-10). There is no allegation that Baxter received additional consideration, no allegation that there was an extended course of dealing to put Baxter on notice, and no allegation that Watson explicitly sought advice from Baxter. There is no allegation that Baxter was an independent broker acting solely on Watson's behalf. There is only the legal conclusion that Baxter acted negligently, and more is needed to state a plausible claim. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Even accepting Watson's allegations as true, there is insufficient factual support for a claim of negligence against Baxter. As a result, Baxter is entitled to judgment on this claim as well.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED as follows:

4

(1) Ronnie James Baxter's Motion for Judgment on the Pleadings (DE 28) is GRANTED; and

(2) Marvin Watson's claims against Ronnie James Baxter are DISMISSED with prejudice.

This the 8th day of July, 2013.

Signed By:
*Karen K. Caldwell*
United States District Judge